Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
 206 W. Jefferson St.
Boise, ID 83702
P: 208-481-4812
Email: barkley@barkleysmithlaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

MICHAEL HAGAN, on behalf of himself,
and all others similarly situated,

         Plaintiff,

         – vs –

ACTION COLLECTION SERVICE, INC
and PEAK LAW, LLC,

         Defendants.

)
)
)
)
)
)
)
)
)
)

CASE NO. 1:20-cv-00020

CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, MICHAEL HAGAN ("Plaintiff"), through his attorneys, on his own behalf and on behalf of all others similarly situated, brings this class action complaint and hereby alleges the following against Defendants, ACTION COLLECTION SERVICE, INC. and PEAK LAW, LLC (collectively "Defendants"):

## Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and seeks class-wide relief for unlawful, false, and misleading debt collection practices committed by Defendants.

**Parties**

2.  Plaintiff is a natural person residing in Canyon county, Nampa, Idaho and is otherwise *sui juris*.

3.  Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.  Defendant ACTION COLLECTION SERVICE, INC. is an Idaho corporation conducting business in the state of Idaho, and has its principal place of business in Boise, Idaho.

5.  Defendant PEAK LAW, LLC is an Idaho limited liability corporation conducting business in the state of Idaho and has its principle place of business in Eagle, Idaho.

6.  Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

7.  Defendants acted though their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

8.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9.  Because Defendants are Idaho companies and conduct business in Idaho, personal jurisdiction is established.

10. Venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C § 1391(b) because Plaintiff and Defendants both reside within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

PLAINTIFF'S COMPLAINT

**<u>Factual Allegations Relating to Michael Hagan</u>**

11. On or around February 15, 2019, Defendant ACTION COLLECTION SERVICE, INC. sent a notice to Plaintiff regarding a debt allegedly owed to Defendant, totaling $4,833.47.

12. On or around February 25, 2019, Defendant PEAK LAW, LLC sent a notice identifying its role in the collection of the alleged debt owed to Defendant ACTION COLLECTION SERVICE, INC. totaling $4,833.47.

13. Plaintiff's alleged debts arise from transactions for personal, family, and household purposes.

14. On March 20, 2019, Defendant PEAK LAW, LLC, on behalf of Defendant ACTION COLLECTION SERVICE, INC. filed a Complaint (the "Complaint") against Plaintiff in Ada County Idaho Magistrate Court for the balance owed on the alleged debt and for attorneys' fees totaling $1,500 and unidentified costs.

15. On information and belief, on or between April 2 and April 8, 2019, a collection balance increase of $1,671.00 was reported to the credit agencies Experian, Equifax, and Transunion by Defendant ACTION COLLECTION SERVICE, INC. This reporting appeared on Plaintiff's credit as a debt increase, an increase which negatively impacted Plaintiff's credit score.

16. On information and belief, the debt balance increase of $1,671.00 reflected attorneys' fees and costs not yet awarded by the Ada County Magistrate Court.

17. At the time the collection balance increase was reported to the credit agencies, Defendants had not received any judgment against Plaintiff for the alleged debt nor for any fees or increases in the balance of the alleged debt nor had Plaintiff even been served with the Complaint.

18. Once Plaintiff was finally served with the Complaint, nearly three months later on June 22,

PLAINTIFF'S COMPLAINT

2019, Defendants falsely and deceptively misled Plaintiff about the amount of the debt. The Complaint, seeking attorney's fees under Idaho Code Section 12-120 (1) or (3), states that $1,500.00 "is a minimum reasonable attorney fee for bringing this action. . ."

19. This is a false and misleading statement as the court could in fact award less than the requested amount; a likely outcome as the Complaint itself is broad and generic in nature and only requires three fields of input (plaintiff's name, amount of debt, and type of debt).

20. Therefore, Defendants are using false, misleading, and unfair means in connection with attempting to collect a debt by communicating credit information to others it knew or should have known to be false and falsely representing the amount of the alleged debt.

**Factual Allegations Relating to Defendants' Practices in General**

21. Defendants regularly collect debts from individuals who reside in Idaho.

22. The alleged debts are incurred for personal, family, or household purposes.

23. Defendants regularly file lawsuits against alleged debtors in County courts across Idaho. In these lawsuits Defendants request judgment against the alleged debtors for the principle amount of the alleged debts and attorneys' fees and costs.

24. Once Defendants have filed a lawsuit and before they have even served the complaint, Defendants report to the credit reporting agencies an increase of the debt owed by the alleged debtors, representing attorneys' fees and costs not yet awarded.

25. Whereupon, if alleged debtors are not coerced into paying off the alleged debt, Defendant's file a boilerplate complaint which falsely and misleadingly misstates the amount of the debt.

**CLASS ALLEGATIONS**

26. Plaintiff brings this claim on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

27. The class consists of all individuals in Idaho who, in the year preceding the filing of this

complaint, were sued by Defendant and either (1) had false information regarding the alleged debt communicated to a third-party (i.e. the credit bureaus) or (2) were served the Complaint which misleads plaintiff's regarding the amount of the debt and a minimum reasonable attorneys' fee.

28. The class is so numerous that joinder of all members is not practical.

29. On information and belief, there are hundreds of class members.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The common questions are:

    a.  Whether Defendants report unearned and unawarded attorneys' fees to third parties;

    b.  Whether Defendants' Complaint is a communication as defined by the FDCPA;

    c.  Whether Defendants' conduct violates the FDCPA.

31. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in FDCPA litigation.

33. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.  Individual actions are not economically feasible;

    b.  Members of the class are likely to be unaware of their rights;

    c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## **FIRST CAUSE OF ACTION**

## **DEFENDANTS VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.***

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a.   Defendants violated *§1692(e)* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the debt collection;

    b.   Defendants violated *§1692(e)(2)(A)* of the FDCPA by falsely representing the amount of the debt as including an inaccurate minimum reasonable attorney fee;

    c.   Defendants violated *§1692(e)(8)* of the FDCPA by communicating to third-parties false credit information regarding the alleged debt; information which Defendants knew or should have known was false as it represented attorney fees and costs for which Defendants had no current legal right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of Plaintiff and the class for the following:

36. Statutory damages pursuant to 15 U.S.C. § 1692k;

37. Actual damages as a result of decreased credit scores;

38. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

39. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: February 21, 2020

*/s/ Barkley Smith*

- 6 -

PLAINTIFF'S COMPLAINT

Barkley Smith
Barkley Smith Law, PLLC

PLAINTIFF'S COMPLAINT